GRIMES, Chief Judge.
J. L. J. appeals an order of the juvenile court adjudicating him delinquent based upon the offense of petit theft. He contends that the evidence introduced against him was insufficient to support a finding that he was guilty of the offense. We agree and reverse.
Appellant is a junior high student in Hillsborough County. On the day the theft occurred, his first period teacher asked him and two other students to help replace some window blinds. As the old blinds were taken down they were stored on shelves behind the teacher’s desk. The class members were always boisterous and hard to control, and on that day there was even more movement in the classroom than usual because a movie was to be shown after the new blinds were installed. During the movie, which was shown in a darkened room, the students were allowed to sit wherever they wished. A few minutes after the end of the period the teacher discovered that her wallet was missing from her purse which had been hanging on the chair behind her desk.
The teacher reported the theft immediately. The wallet was later found in the boys’ restroom. Six one dollar bills were missing from the wallet. That afternoon appellant approached a classmate friend and asked him to hold six one dollar bills which he had “found in a P.E. locker.” Another student saw the friend with the money and reported this fact to the school security officer. The officer questioned appellant’s friend about the source of the money, and then questioned appellant separately. Appellant denied knowing anything about the teacher’s money. When he was confronted with the six dollars he had given his friend, appellant stated that he had found it in a physical education locker. Although the money was returned to the teacher, she was not able to definitely identify the six dollars as the money taken from her wallet. On this evidence, the court found that appellant had taken the wallet and adjudicated him delinquent.
The standard of proof required to adjudge a minor delinquent is the same as that required to convict an adult. D.M.M. v. State, 275 So.2d 308 (Fla. 2d DCA 1973). Where the state relies entirely on circumstantial evidence, the circumstances must not only be consistent with guilt but must also be inconsistent with innocence. The evidence introduced below did not meet that requirement. Although appellant was in a good position to have taken the wallet and his possession of an amount of money equal to that taken is suspicious, there was no evidence which contradicted his claim that he found the money. Circumstances alone which leave nothing more than suspicion that the accused committed a crime are not sufficient to convict. Hall v. State, 303 So.2d 428 (Fla. 2d DCA 1974).
REVERSED.
SCHEB and OTT, JJ., concur.