HOBSON, Acting Chief Judge.
This is an appeal from a lower court order adjudicating appellant delinquent based on a charge of burglary. We agree with appellant that there was insufficient evidence to support the charge and quash the lower court’s order.
An amended petition for delinquency and a bill of particulars charged that appellant had broken into a service station in Hills-borough County sometime between 8:30 p. m. on July 1 and 9:00 a. m. on July 2, 1978. This was the forth time in a three-week period that this particular service station had been victimized by burglaries. In each case a hole had been cut in the ceiling of a restroom and money and goods had been removed.
Since it charged appellant with a burglary on a particular date, it was the state’s burden at the subsequent delinquency hearing to prove that appellant committed an offense occurring on that date. State v. Beamon, 298 So.2d 376 (Fla.1974).[1] This the state failed to do. Its chief witness was a 16-year-old informant who was an acquaintance of appellant. He testified that at some point after July 2,[2] as he and appellant were walking past the service station, appellant remarked that he had broken into the station by cutting a hole in the ceiling above the ladies’ restroom and had taken some money and cigarettes.[3] Unfortunately for the state, however, appellant did not indicate to his acquaintance when it was that he committed the burglary. Since no other evidence was introduced which would have placed appellant in the service station on the night in question, the petition for delinquency should have been denied.
REVERSED.
BOARDMAN and DANAHY, JJ., concur.

. The standard of proof in a delinquency proceeding is the same as in an adult criminal proceeding dealing with the same offense upon which the charge of delinquency is based. D. M. M. v. State, 275 So.2d 308 (Fla. 2d DCA 1973); J- L. J. v. State, 367 So.2d 699 (Fla. 2d DCA 1979).

. His testimony was contradictory as to when this conversation occurred. It was apparently between July 2 and August 1, 1978, the latter being the date on which the detective investigating the burglaries first questioned him.

.Appellant testified and denied having made such a statement. He stated that he might have been bragging about how easy it would be to break in, but that he had never broken into the station.