BOARDMAN, Judge.
P.A.P., a child, appeals an order of the juvenile court adjudicating him delinquent and an order committing him to the Department of Health and Rehabilitation. He was charged with twelve counts of theft, in violation of Section 810.02, Florida Statutes. After trial before the court, he was found not guilty of eight counts (one charge involved a separate case not involved in this appeal). Appellant was found guilty as charged in counts 3, 5, 8, and 9.- This appeal followed timely.
Appellant contends that the evidence introduced against him was insufficient to support a finding that he was guilty of the *923 offense charged in each count. We agree with him as to counts 5, 8, and 9, but disagree as to count 3.
The state relied to a great extent on the testimony of one Wilk, one of appellant’s coperpetrators. We did not have all of Wilk’s testimony before us. We ordered that the deleted portions be transcribed and made a part of the record, but were advised that the testimony had only been taped, had subsequently been erased, and was therefore not available.
After reading the testimony included in the record, we conclude that the evidence concerning counts 5, 8, and 9 falls far short of the standard of proof required to convict. The standard of proof necessary to adjudge a minor delinquent is the same as that required to convict an adult. R.C.B. v. State, 374 So.2d 1168 (Fla.2d DCA 1979); J.L.J. v. State, 367 So.2d 699 (Fla.2d DCA 1979); D.M.M. v. State, 275 So.2d 308 (Fla.2d DCA 1973).
We are unable to find any evidence that would have placed appellant in each residence at the times in question. The evidence concerning this issue consisted primarily of Wilk’s testimony. His testimony is vague and indefinite, amounting to nothing more than, at most, suspicious circumstances and as such is simply insufficient to support a conviction. Hall v. State, 303 So.2d 428 (Fla.2d DCA 1974). For example, he could not remember the dates the burglaries took place, identify the places where they occurred, or remember what property was stolen.
We conclude that the evidence was insufficient to support appellant’s convictions of counts 5, 8, and 9.
We have considered the other points raised by appellant and judge them to be without merit.
The convictions are REVERSED as to counts 5, 8, and 9, and AFFIRMED as to count 3. The order of commitment is AFFIRMED.
HOBSON, Acting C. J., and DANAHY, J., concur.