390 So.2d 1239 (1980)
Calvin Vincent EDWARDS, Appellant,
v.
STATE of Florida, Appellee.
No. OO-275.
District Court of Appeal of Florida, First District.
December 11, 1980.
*1240 Michael J. Minerva, Public Defender, and David J. Busch, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant raises three points in his appeal from a judgment of conviction of one count of robbery with a firearm, one count of burglary of a dwelling, and two counts of sexual battery. We affirm.
Appellant first argues that the trial court erred in reserving ruling on his motion for judgment of acquittal at the close of the State's presentation of evidence. We find no error as to this point. Marshall v. State, 321 So.2d 114 (Fla. 1st DCA 1975). By proceeding with his case without requiring the court to rule on his motion of acquittal, appellant treated the motion as denied.
As to Point 2, appellant relies on McArthur v. Nourse, 369 So.2d 578 (Fla. 1979), in arguing that it was error for the trial court to deny his motion for judgment of acquittal because the circumstantial evidence was insufficient to support a conviction. The evidence at trial revealed that the assailants were black and used a two-cell flashlight. One of the men wore red plaid cutoffs, and another wore rubber gloves. The officers investigating the crime testified that they visually followed two sets of footprints, one barefooted and the other with a specific shoe design, from a point outside a rear window of the house to an intersection across the street from the house. Approximately two hours after the crime occurred, a bloodhound named Wrinkles was put down at the barefoot track at the intersection. Wrinkles followed the trail which led to a parked vehicle in which appellant was sleeping. Appellant was black, barefooted, wearing red plaid cutoffs, and had a two-cell flashlight and a pair of rubber gloves in his possession.
Appellant argued that the evidence concerning the trailing of Wrinkles should not have been introduced because of Wrinkles' young age. We disagree. At trial a proper predicate was laid for the admissibility of this evidence. Wrinkles' former owner, as well as his present trainer, testified to the training methods used with Wrinkles and his prior record of tracking humans. Previously he had been used successfully on four or five different occasions to track escapees from jail. Wrinkles was a purebred registered bloodhound and he was put down on a trail which the officers had visually followed from the house to the point where he started. There was no hesitation on Wrinkles' part in following the trail to appellant's vehicle. See Tomlinson v. State, 129 Fla. 658, 176 So. 543 (1937). See generally, Annot. 18 A.L.R.3d 1221 (1968).
Considering the circumstantial evidence of Wrinkles' tracking in conjunction with appellant's clothing, his being barefooted, and his possession of the gloves and flashlight, we find no error in the trial court's denying the motion for acquittal and submitting this case to the jury. We find no departure from the requirements of McArthur v. Nourse, supra.
Appellant's last point is that the court erred in allowing the prosecutor, on cross-examination, to inquire into the nature of appellant's alleged homosexual acts committed with a neighbor during the night in question. Appellant, in offering an alibi, testified as to his homosexual relationship that night. As unsavory as this cross-examination may have been, we find no error in allowing the prosecutor to inquire into the relationship. Appellant placed his homosexual activities in issue when he testified on direct examination. The prosecutor had the right to cross-examine appellant concerning his direct testimony. G.C.O. v. *1241 State, 309 So.2d 608 (Fla. 2d DCA 1975). The extent of cross-examination is within the discretion of the trial judge and appellant has shown no abuse of this discretion.
Appellant's conviction and sentence is affirmed.
ERVIN, LARRY G. SMITH and SHAW, JJ., concur.