JOANOS, Judge.
Appellant contends there was insufficient evidence adduced at trial to support a finding of guilt and insufficient evidence to ■ establish that a firearm was used in the robbery for which he was adjudicated delinquent. We do not agree and affirm.
Appellant was identified as the perpetrator of the robbery through voice identification by the two victims, one of whom had known appellant for ten years. Voice identification is direct and positive *472 proof the probative value of which is determined by the finder of fact. Mack v. State, 54 Fla. 55, 44 So. 706 (1907).
Both victims testified that appellant held an object which appeared to be a gun. When appellant accosted the first victim, he threatened, “Give me the money or I’ll blow your brains out.” While being pursued by the second victim, appellant stopped, turned, pointed the object toward the victim and shouted, “Stop or I’ll shoot.” Appellant argues that the trial court erroneously used a subjective test to determine that a firearm was used, citing I.O. v. State, 412 So.2d 42 (Fla. 3rd DCA 1982) [Reasonable belief of victim that weapon was a real gun erroneously used to find aggravated assault] and McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978) [Cigarette lighter shaped like a gun, with no evidence that death or great bodily harm would result from its use, did not constitute a weapon for the purposes of imposing an aggravated penalty],
We distinguish both cases in that here there was additional evidence of appellant’s stop and threat during his flight. This additional evidence proves more than a subjective belief by the victims that the object was a firearm. Circumstantial evidence is properly used to prove the guilt of an accused. See Toler v. State, 457 So.2d 1115 (Fla. 1st DCA 1984). The standard of proof to adjudge a minor delinquent is the same as that required to convict an adult. J.L.J. v. State, 367 So.2d 699 (Fla. 2nd DCA 1979).
We find that the circumstantial evidence was such that the trial judge, sitting as the trier of fact in this juvenile proceeding, could properly conclude that appellant used a firearm in the robbery.
Accordingly, appellant’s adjudication of delinquency and disposition is AFFIRMED.
WIGGINTON and BARFIELD, JJ., concur.