494 So.2d 505 (1986)
Isaac HAMILTON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2642.
District Court of Appeal of Florida, Second District.
August 13, 1986.
Rehearing Denied September 16, 1986.
James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
The defendant appeals his conviction for first degree felony robbery. We reject the defendant's assertions of error in connection with his trial, but we agree with the defendant that under the facts of this case he could be convicted only of a second degree felony.
The defendant was charged with robbing a bank in Pasco County. The information alleged that during the course of the robbery the defendant threatened to use a firearm. No firearm was discovered in connection with the case, and none was tendered as evidence at trial. Neither the bank teller nor her supervisor, the only two people in the bank at the time of the robbery, actually saw a weapon during the course of the robbery. The teller testified that the robber told her to hurry up or he would blow her head off. The supervisor thought the robber had a gun because of the way the robber patted his stomach.
The state concedes that the information against the defendant did not charge armed robbery and that the evidence at trial did not establish an armed robbery. Instead, the state takes the position that it intended to charge the defendant with a simple robbery under section 812.13, Florida Statutes (1985), and use the allegation of threat to use a firearm as grounds for enhancement of the robbery from a second degree felony to a first degree felony under the provisions of section 775.087(1)(b), Florida Statutes (1985). The trial judge agreed with the state's enhancement argument and entered a judgment finding the defendant guilty of a first degree felony robbery.
Section 775.087(1) provides for enhancement of the degree of a felony if during the commission of the felony the defendant *506 "threatens to use any weapon or firearm." However, that statute begins with the phrase, "unless otherwise provided by law." Section 812.13(2)(c) specifically provides that "if in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree."
Accordingly, we find that the enhancement statute, section 775.087, does not apply in this case because of the express provision of section 812.13(2)(c). We reverse the defendant's conviction with directions that a judgment be entered finding him guilty of a second degree felony robbery and that he be resentenced accordingly.
Reversed and remanded.
RYDER and FRANK, JJ., concur.