498 So.2d 554 (1986)
Robert Todd MEYER, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-0733.
District Court of Appeal of Florida, Fourth District.
November 26, 1986.
Rehearing Denied December 24, 1986.
*555 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Amy Lynn Diem, Asst. Atty. Gen., West Palm Beach, for appellee.
DELL, Judge.
Appellant was found guilty as charged of six counts of kidnapping with a firearm, three counts of robbery with a firearm, and three counts of attempted robbery with a firearm. The trial court sentenced him to concurrent life sentences with credit for time served on the kidnapping and robbery counts, and concurrent fifteen year sentences for the attempted robberies. Mandatory three-year minimum terms were made part of each sentence.
A man, identified as appellant, entered a Pizza Hut restaurant and placed what appeared to be a short-barreled gun to the manager's side. A codefendant, also carrying what appeared to be a gun, entered the restaurant with a stocking cap over his face. The men ordered the manager, the cook, a waitress, and three friends of the cook into a walk-in cooler. The victims were then called out one at a time, searched, and their property and money taken. Three of the six victims identified appellant from a photo lineup. The codefendant testified that when appellant returned to the car after ordering a pizza, they discussed the robbery. He said they reentered the restaurant after taking a real gun and a toy gun from the car. The codefendant pled guilty and received a sentence of twelve years.
Appellant raises four points on appeal. First, he contends the trial court erred when it restricted his cross-examination of the codefendant concerning the sentence he received in exchange for his plea of guilty. *556 Second, he claims that the trial court erred in denying his motion for judgment of acquittal for attempted robbery. Third, he claims the trial court erred in imposing three-year mandatory minimum sentences because the state did not prove that he carried a firearm during the robberies. Fourth, he contends that the trial court's sentence of life imprisonment without the possibility of parole violates the Eighth Amendment's prohibition against cruel and unusual punishment.
We find no merit in appellant's first point on appeal. Appellant claims that the trial court impermissibly restricted his cross-examination of the codefendant when he refused to permit him to cross-examine the codefendant on his knowledge of the sentencing guidelines. We have examined the record and find the trial court did not improperly restrict appellant's cross-examination. Appellant wanted to show the codefendant's motivation for testifying. We believe that he did.
Q. (By Mr. Holmes, defense attorney). Now, Mr. D'Anna asked you whether or not the State Attorney's office or anybody in the State Attorney's office promised you anything in return for your testimony and your answer was no; is that correct?
A. [By codefendant] Basically he offered me  he just promised me that I would get immunity.
Q. Immunity for what?
A. I have some things in my case that I'd like to work out and he just offered me immunity.
Q. So you were given something in return to testify today, weren't you by the State Attorney's Office?
A. I had to testify anyways.
Q. Well, whether you had to testify or not please answer my question. You were given something in return for your testimony, weren't you?
A. I wouldn't exactly say that.
Q. I know you wouldn't. At the time that you were pleading to these charges in front of Judge Fleet do you recall whether or not you received a sentence far less than you expected or what is required under the State guidelines?
MR. D'ANNA: Objection as to relevancy unless he can show that the State had any part to play in that, Judge.
MR. HOLMES: The next question I think will show relevancy, Your Honor.
THE COURT: overruled, go ahead.
A. I think I received more than what I should have.
Q. I know that, but didn't your attorney tell you what the guidelines were?
A. No, my attorney 
MR. D'ANNA: Objection to the form of the question. That encroaches on the fundamental attorney-client privilege.
MR. HOLMES: It's in the record of the plea colloquy, Judge, from the transcript.
THE COURT: We are not going to get into the guidelines on the maximum or minimum sentences.
Q. You think you received more, but didn't the Judge tell you you were getting far less?
MR. D'ANNA: Objection to the form of the question.
THE COURT: Overruled, go ahead.
Q. (Continuing) Didn't he tell you you were going to get far less?
A. At what time. Before I pleaded guilty or after I pleaded guilty?
Q. After you pleaded guilty didn't he tell you he was going to give you far less than he originally intended to?
A. Yes.
Q. Didn't he tell you he originally anticipated giving you 25 years? Do you remember that?
A. When Judge Fleet first walked into the courtroom he said, "I have a sentence in mind but," he said, "my mind can be changed."
Q. His mind was changed and he gave you a much lesser sentence, didn't he?
A. Yes.
We are satisfied the jury was adequately informed that the codefendant received a reduced sentence because he pled guilty to the charges and testified. Under the facts *557 of this case, we find no error in the trial court's refusal to permit appellant to cross-examine the codefendant on the maximum or minimum guidelines sentences. We also find no merit in appellant's second point, since the record contains sufficient evidence to sustain appellant's conviction of three counts of attempted robbery.
Appellant also contends the trial court erred when it imposed three-year mandatory minimum sentences because the state failed to establish that it was he who carried the firearm. While the record shows that only one of the two guns used during the robbery was a real firearm, the record also contains evidence from one of the victims that appellant pointed a gun at him. The victim stated that it was a dark colored gun, apparently a .45 caliber with a short barrel. After the robbery, a snubnosed handgun was found in the glovebox of appellant's car. The codefendant claimed that the gun found in appellant's car was his but admitted that it had been used together with a toy gun from the K-Mart to commit the robbery. We believe the record contains sufficient circumstantial evidence to sustain the jury verdict that appellant committed the offenses with the use of a firearm. See T.T. v. State, 459 So.2d 471 (Fla. 1st DCA 1984) and Watson v. State, 437 So.2d 702 (Fla. 4th DCA 1983), appv'd., 453 So.2d 810 (Fla. 1984).
Finally, despite the severity of the sentences imposed by the trial court, the sentences did not exceed the maximum sentence authorized by law. Appellant was found guilty of twelve felony counts. Nine of the charges were punishable by terms of life imprisonment and three of the charges constituted second degree felonies. The trial court sentenced within the guidelines and provided for all sentences to run concurrently. In State v. Sanders, 11 F.L.W. 1783 (Fla. 4th DCA Aug. 13, 1986) we held that a trial court may not depart downward from a presumptive guideline sentence simply because a defendant has no prior convictions and his codefendant, who does, has received a lesser sentence as a result of plea bargaining.
Therefore we affirm appellant's convictions and the sentences imposed by the trial court.
AFFIRMED.
HERSEY, C.J., and STONE, J., concur.