PER CURIAM.
Although the trial court erred in refusing to permit defendant to introduce extrinsic evidence of a prior inconsistent statement made by a prosecution witness, § 90.614(2), Fla.Stat. (1983), we deem the error harmless because the evidence of guilt was overwhelming. Mahone v. State, 222 So.2d 769 (Fla.3d DCA 1969); § 924.33, Fla.Stat. (1983); cf. Thornes v. State, 485 So.2d 1357 (Fla. .1st DCA) (exclusion of testimony regarding prior inconsistent statement of sole eyewitness to crime not harmless error considering other errors made by trial court), review denied, 492 So.2d 1335 (Fla.1986); see Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); see generally State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
We find error, however, in the judgment. The trial judge reclassified defendant’s conviction for manslaughter from a second-degree felony, §§ 782.07, 775.-082(3)(c), Fla.Stat. (1983), to a first-degree felony pursuant to section 775.087(l)(b), Florida Statutes (1983). The verdict failed to contain specific findings that defendant used or carried a firearm during the commission of the offense; thus, the verdict cannot support the trial court’s reclassification. State v. Smith, 462 So.2d 1102 (Fla.1985); State v. Overfelt, 457 So.2d 1385 (Fla.1984); Henry v. State, 483 So.2d 860 (Fla. 5th DCA 1986); Daniels v. State, 473 So.2d 722 (Fla. 4th DCA 1985); Lopez v. State, 470 So.2d 58 (Fla. 3d DCA 1985); Streeter v. State, 416 So.2d 1203,1206 (Fla. 3d DCA 1982). We therefore reverse the sentence and remand to the trial court for entry of an appropriate judgment and for resentencing.