529 So.2d 305 (1988)
Jesse SPELLMAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. BT-64.
District Court of Appeal of Florida, First District.
July 13, 1988.
Rehearing Denied July 27, 1988.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Jesse Spellman appeals his convictions and sentences for armed robbery, contending that the trial court erred in reclassifying the robbery charged, a second degree felony, to a first degree felony pursuant to section 775.087(1), Florida Statutes (1985). We reverse and remand for resentencing.
Spellman was charged in multiple informations with numerous counts of robbery stemming from incidents during October and November 1986. In cases 86-5834, 86-5836, 86-5837, and 86-5973 Spellman was charged with robbery pursuant to §§ 775.087(1) and 812.13(2)(c). In case 86-5838 he was charged in separate counts with robbery, battery, criminal mischief, and grand theft pursuant to §§ 775.087(1), 812.13(2)(c), 784.03, 806.13, 812.014(1)(a), (b), and 812.014(2)(b)(1), (Fla. Stat.) (1985).
Spellman pled nolo contendere to the charges with the stipulation that there was disagreement over whether the robberies were properly classified as first degree felonies, reserving the right to appeal this *306 issue. It was agreed that the state could produce no evidence that Spellman was actually armed during the robberies, and that the reclassification was based solely on the fact he pretended to have a gun in his pocket and had so threatened the victims.
It is undisputed that the informations charged only simple robbery coupled with allegations of a threat to use a weapon or firearm. The state argued to the trial court that a simple robbery charge, being a second degree felony, should be reclassified to a first degree felony upon proof and finding that the defendant threatened to use a deadly weapon or firearm during the commission of the robbery so charged. Spellman, on the other hand, argued that the purpose of the enhancement statute, § 775.087, is to punish the actual use and carrying of firearms and weapons, and that it does not apply to situations in which the defendant has no gun but merely threatens to use one. The court ruled that the robberies should be classified as first degree felonies. A sentencing guidelines scoresheet was prepared based on this classification, which showed a point total of 206 and a recommended guideline sentence of 9 to 12 years incarceration. Spellman was adjudicated guilty and sentenced to state prison for 12 years on each robbery charge, to be followed by 5 years probation, all sentences to run concurrently. For the other offenses, Spellman received concurrent terms of probation.
On this appeal Spellman argues that his enhanced sentences for armed robbery are illegal because, under the charges and the evidence, he never had a firearm during any of the robberies.
The Second District addressed this precise issue in Hamilton v. State, 494 So.2d 505 (Fla. 2d DCA 1986). In that case the defendant was charged with robbery in an information which also alleged that he had threatened to use a firearm during the course of the robbery. No firearm was ever discovered in connection with the case, nor did the victims of the robbery actually see a weapon. The court held that § 775.087(1) could not be applied to enhance unarmed robbery, a second degree felony under § 812.13(2)(c), to a first degree felony, stating:
Section 775.087(1) provides for enhancement of the degree of a felony if during the commission of the felony the defendant "threatens to use any weapon or firearm." However, that statute begins with the phrase, "unless otherwise provided by law." Section 812.13(2)(c) specifically provides that "if in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree."
Accordingly, we find that the enhancement statute, section 775.087, does not apply in this case because of the express provision of section 812.13(2)(c).
494 So.2d at 505-06. The evident intent of the statute is not to focus upon the victim of the crime and the effect of the defendant's threats upon the victim as the basis for enhancing the sentence, but rather to focus upon the defendant's conduct during the commission of the crime, including threats to use a firearm or weapon during the commission of the robbery, coupled with the ability to carry out such threats. Cf. State v. Overfelt, 457 So.2d 1385 (Fla. 1984); Cobas-Torres v. State, 502 So.2d 67 (Fla. 3d DCA 1987) (In the absence of specific findings that defendant used or carried a firearm during the commission of the offense, it was error to reclassify defendant's conviction for manslaughter from second-degree felony to first-degree felony pursuant to § 775.087(1)).[1]
In the case at bar, as in Hamilton, Spellman was charged and convicted of robbery pursuant to § 812.13(2)(c), but his sentences *307 were enhanced under § 775.087(1) based solely on his threats to use a gun during the robberies since there was no evidence that appellant had a gun during the robberies. It follows that Spellman's convictions for first degree robbery must be reversed with directions that, on remand, he be adjudged guilty of robbery, a second degree felony, and resentenced accordingly. Hamilton at 506.
REVERSED AND REMANDED.
BOOTH and WIGGINTON, JJ., concur.
NOTES
[1] The purpose of the enhancement statute must, therefore, be distinguished from the purpose of other substantive criminal statutes that explicitly prohibit a threat to "throw, place, or discharge any destructive device with intent to do bodily harm," § 790.162, Fla. Stat. (1985), which have been construed as focusing on the effect of such threat on the victim and thus do not require proof that the defendant actually possessed a bomb or destructive device at the time. See, e.g., Valdes v. State, 443 So.2d 221 (Fla. 1st DCA), pet. for rev. den., 450 So.2d 489 (Fla. 1984); Reid v. State, 405 So.2d 500 (Fla. 2d DCA 1981).