546 So.2d 32 (1989)
Michael O'BRIEN, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-1508.
District Court of Appeal of Florida, Third District.
June 27, 1989.
*33 Bennett H. Brummer, Public Defender, and John Lipinski, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Joan L. Greenberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., COPE, J., and GAVIN K. LETTS, Associate Judge.
PER CURIAM.
Appellant, defendant below, appeals a final order denying his motion for post-conviction relief under Rule 3.850. We affirm.
Appellant was convicted of armed robbery. Appellant argues that his trial counsel was ineffective in failing to argue that there was insufficient evidence to prove appellant was armed during the robbery.
The robbery victim testified that the appellant had lifted his shirt thereby revealing the handle of a gun protruding from his waistband. On cross-examination the witness indicated that she had only seen guns in movies. Appellant argues that this renders her testimony insufficient to establish that appellant was armed with a firearm. We disagree. The extent of the witness' knowledge goes to the weight of her testimony, which was properly submitted to the jury. T.T. v. State, 459 So.2d 471, 472 (Fla. 1st DCA 1984) ("Both victims testified that appellant held an object which appeared to be a gun."); cf. United States v. Seastrunk, 580 F.2d 800, 802 (5th Cir.1978) (identification as gun where only gun butt visible; witness had seen guns before).
The cases relied on by appellant are inapposite. In I.O. v. State, 412 So.2d 42 (Fla. 3d DCA 1982), there was conflicting testimony on whether the weapon was genuine or a toy. The juvenile court, as trier of fact, was unable to resolve the conflict beyond a reasonable doubt, and made a specific finding to that effect. In Spellman v. State, 529 So.2d 305, 306 (Fla. 1st DCA 1988), and Hamilton v. State, 494 So.2d 505 (Fla. 2d DCA 1986), no one actually saw the weapon.
As appellant has failed to establish that his trial counsel was ineffective, see Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Stirrup, 469 So.2d 845, 847-48 (Fla. 3d DCA), review denied, 480 So.2d 1296 (Fla. 1985), the order under review is affirmed.