W. SHARP, Judge.
Johnson appeals his sentences and convictions in four cases.[1] He pled guilty to simple robbery in three of the cases. He was tried by a jury and found guilty in the fourth case, 88-10386, of robbery with threat of a weapon.[2] In all cases, the state filed notices of intent to classify Johnson as a habitual offender pursuant to section 775.084, Florida Statutes (Supp.1988). He was sentenced to thirty years in prison (with a ten year minimum mandatory sentence) in the three simple robbery cases, and to forty years imprisonment with a fifteen year minimum mandatory sentence in 88-10386. We affirm Johnson’s convictions and sentences in the simple robbery cases, but we quash the forty year sentence in 88-10386 and remand for resen-tencing.
Johnson challenges all of his sentences on constitutional grounds. He claims section 775.084 (the habitual felony and habitual violent felony offender statute) is unconstitutional on the same grounds we ruled otherwise in King v. State, 557 So.2d 899 (Fla. 5th DCA 1990). He also challenges section 775.084 on equal protection and due process grounds which were not addressed in King. We find no merit to his position.
We agree that the trial court erred in imposing the sentence in case number 88-10386 as a first-degree felony. Johnson was charged with committing the robbery by threatening to use a weapon. The evidence did not establish Johnson actually carried or used a weapon. Nor did the jury find Johnson had or used a weapon.
Spellman v. State, 529 So.2d 305 (Fla. 1st DCA), rev. denied, 536 So.2d 245 (Fla.1988) and Hamilton v. State, 494 So.2d 505 (Fla. 2d DCA 1986), hold that section 812.-13(2)(c) “specifically provides that if in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree.” Accordingly the enhancement statute, section 775.087(1) does not apply to move the degree of the felony up from a second degree to a first degree felony. We agree. Cf. Hough v. State, 448 So.2d 628 (Fla. 5th DCA 1984).
Accordingly, Johnson should be sentenced in case number 88-10386 as a second degree habitual felony offender (§ 775.084(4)(a)-(d)), to no more than thirty years. We quash the sentence in case number 88-10386 and remand for resen-tencing. We affirm the sentences in case numbers 88-10486, 88-10608, and 89-1231.
AFFIRMED in part, QUASHED in part and REMANDED for resentencing in ease number 88-10386.
COWART and GOSHORN, JJ., concur.

. Case Nos. CF 88-10486, 88-10608, 88-10386, and 89-1231.

. § 812.13(2)(a), Fla.Stat. (1987).