602 So.2d 1303 (1992)
James Jerome BUTLER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3501.
District Court of Appeal of Florida, First District.
June 9, 1992.
Rehearing Denied July 21, 1992.
Teresa J. Sopp of Sasser & Sopp, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Marilyn McFadden, Asst. Atty. Gen., Tallahassee, for appellee.
WEBSTER, Judge.
Appellant seeks review of his conviction for armed robbery; and of his sentence, as an habitual violent felony offender, to forty years in prison. He raises four issues: (1) whether the trial court erred in admitting evidence of other crimes, wrongs or acts; (2) whether the trial court erred in admitting out-of-court and in-court identifications; (3) whether the trial court erred in denying a motion for a judgment of acquittal as to that portion of the information which charged that the robbery had been committed with a "deadly weapon"; and (4) whether, because appellant had been convicted of a first degree felony punishable by a term of years not exceeding life, the trial court erred in sentencing appellant as an habitual violent felony offender. We find the first two grounds to be without merit, and affirm as to them, without discussion. We reverse and remand, with directions, as to the third ground, thereby rendering the fourth ground moot.
Appellant was charged with robbing a dry-cleaning establishment in Jacksonville, while armed with a "deadly weapon." A jury found him guilty, as charged; and the trial court entered judgment consistent with the jury's verdict. At the conclusion of the state's case, appellant had moved for a judgment of acquittal on the portion of the information which charged that, at the time of the offense, appellant had been armed with a "deadly weapon." According to appellant, the state had failed to prove *1304 that, assuming that appellant had committed the offense charged, he had any type of weapon, deadly or otherwise, when he did so. After the trial court denied that motion, appellant rested, without presenting any evidence.
Viewed in a light most favorable to the state, the evidence that appellant possessed a weapon, deadly or otherwise, when he committed the robbery was as follows: At the time of the robbery, there were two female employees working in the dry-cleaning establishment. Both employees testified that appellant entered the store carrying a pair of pants in one hand. The pants were folded over, and appellant's hand was inside them in some manner. Both employees also testified that they were able to see the outline of what appeared to be a long, hard object, shaped like the barrel of a gun, under the pants. Both employees assumed that appellant had a gun. However, neither ever actually saw a gun (or any other weapon); or even the entire outline of a gun. Moreover, although both testified that they thought appellant had a gun, both conceded that appellant could have been carrying any object in the general shape of a gun barrel, such as a length of pipe, for instance.
Both employees testified that appellant directed one of them to open the cash register and to give him the money. Although both also testified that appellant was pointing the object under the pants in the direction of one of them, they conceded that appellant never said that he had a gun; that he intended to shoot them; or that he intended to kill them. No evidence was presented that a gun or other weapon was found when appellant was arrested.
The state also called two employees from two other dry-cleaning establishments, both of which had been robbed on the day preceding the robbery for which appellant was being tried. Both positively identified appellant as the robber. Both also testified that they believed that appellant had a gun during the robberies. However, the testimony of both regarding the basis for their beliefs was substantively identical to that of the two employees of the store which was the subject of the robbery for which appellant was being tried.
We have been unable to discover any Florida decision which involves facts analogous to those of this case. Nor do we believe that any of the decisions cited by the parties involve sufficiently analogous facts.
The issue is of some considerable importance to appellant because, when "no firearm, deadly weapon, or other weapon" is "carried" during the commission of a robbery, the robbery is a second-degree felony. § 812.13(2)(c), Fla. Stat. (1989). However, if a "weapon" is "carried" during the commission of a robbery, the robbery becomes a first-degree felony [§ 812.13(2)(b), Fla. Stat. (1989)]; and, if "a firearm or other deadly weapon" is "carried" during the commission of a robbery, the robbery becomes a first-degree felony, "punishable by a term of years not exceeding life imprisonment." § 812.13(2)(a), Fla. Stat. (1989). Of course, before appellant could be found guilty of the offense with which he had been charged, the state was required to prove to the exclusion of all reasonable doubt "(1) a taking of money or other property that may be the subject of larceny; (2) from the person or custody of another; (3) by force, violence, assault, or putting in fear; and (4) that [appellant] carried a ... deadly weapon[[*]] in the course of committing *1305 the robbery." State v. Gibson, 452 So.2d 553, 556 (Fla. 1984).
In our opinion, the evidence presented at trial was insufficient, as a matter of law, to establish that appellant carried any "weapon," deadly or otherwise, when he robbed the dry-cleaning establishment. Therefore, the trial court should have granted appellant's motion for judgment of acquittal as to that portion of the charge. Its failure to do so constitutes reversible error.
We believe that, to secure a conviction pursuant to Section 812.13(2)(a) or (b), Florida Statutes (1989), for armed robbery while carrying a "firearm or other deadly weapon" or for armed robbery while carrying a "weapon," respectively, the state must present evidence which would be legally sufficient to permit a jury to conclude that the defendant actually carried a "firearm," "other deadly weapon" or a "weapon." While the state may meet this burden by the presentation of circumstantial evidence, it may not do so by presenting evidence of nothing more than the victim's subjective belief that the defendant possessed a "firearm," "other deadly weapon" or "weapon." In fact, it is not necessary that the victim "even be aware that a robber is armed, so long as the perpetrator has the weapon in his possession during the offense." State v. Baker, 452 So.2d 927, 929 (Fla. 1984). "Robbers commonly merely imply the possession of a weapon in order to bolster their threat. [However, t]hat implication cannot amount to proof of the possession." Ryder v. State, 464 So.2d 1324, 1325 (Fla. 5th DCA 1985).
Thus, in Bates v. State, 561 So.2d 1341 (Fla. 2d DCA 1990), the defendant was charged with robbery while carrying "a firearm or other deadly weapon," in violation of Section 812.13(2)(a), Florida Statutes. At trial, the evidence established that the defendant had "entered a convenience store and approached the clerk with an object covered by a rag and stated that he had a `.22' and demanded that she give him the store's money. The clerk never saw the object within the rag and the state conceded that a `.22' was never found." Id. Instead, the object under the rag turned out to have been a "nut driver." The defendant was convicted as charged. On appeal, the court concluded that the evidence had been legally insufficient to support the jury's conclusion that, when the defendant committed the robbery, he had been armed with "a firearm or other deadly weapon." Instead, the court concluded that, because the defendant had not threatened to use the "nut driver" in a violent way (as a bludgeon, for instance), but merely claimed that it was a gun, the "nut driver" was not a "weapon" at all. Therefore, it reversed the conviction and remanded for the entry of a judgment finding the defendant guilty of unarmed robbery, pursuant to Section 812.13(2)(c). Accord McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978) [cigarette lighter shaped like a gun, which was merely pointed at the victim as if it were a gun, is not a "weapon" for purposes of Section 812.13(2)(b)]. See also Carter v. State, 503 So.2d 969 (Fla. 4th DCA 1987) (conviction for robbery with firearm reversed, and case remanded for entry of judgment finding defendant guilty of unarmed robbery where, although defendant threatened to use an unseen firearm, proof established defendant did not actually have a firearm).
In contrast, those cases which have found that the evidence of possession of a "firearm," "other deadly weapon" or "weapon" was legally sufficient have involved either direct testimony based upon actual observation of the weapon, or a clearly distinguishable portion of it; or substantial circumstantial evidence indicating possession of a weapon. Thus, in State v. Billue, 497 So.2d 712 (Fla. 4th DCA 1986), the court concluded that testimony from two victims, both of whom had handled guns on many occasions, that the defendant pulled what they believed to be a real automatic pistol from under his shirt and *1306 threatened to "blow [one victim's] head off" and to "blow [the other victim's] brains out" was legally sufficient to sustain guilty verdicts of armed robbery with a firearm. See also O'Brien v. State, 546 So.2d 32 (Fla. 3d DCA 1989) (testimony of victim that defendant lifted his shirt to reveal the handle of a gun sufficient); Meyer v. State, 498 So.2d 554 (Fla. 4th DCA 1986) (testimony of victim that defendant pointed what appeared to be a dark-colored .45-caliber pistol with a short barrel at him, together with fact that after robbery a snub-nosed handgun was found in glove box of defendant's car, sufficient); Mitchell v. State, 493 So.2d 1058 (Fla. 1st DCA 1986) (testimony of victim that defendant pulled a gun from under his sweater, together with accomplice's testimony that either defendant or a third person had a gun, sufficient); Franklin v. State, 476 So.2d 1346 (Fla. 1st DCA 1985) (testimony of victim that defendant displayed a .22-caliber pistol, and threatened on three occasions to shoot her, sufficient); Fletcher v. State, 472 So.2d 537 (Fla. 5th DCA 1985) (testimony of victim that defendant placed a "cold and hard" object against his throat, which defendant said was a razor blade with which he intended to cut victim if victim did not give him money, sufficient); In the Interest of T.T. v. State, 459 So.2d 471 (Fla. 1st DCA 1984) (testimony of two victims that defendant held what appeared to be a gun, together with testimony that defendant said "[g]ive me the money or I'll blow your brains out" and "[s]top or I'll shoot," sufficient).
In this case, the state proved that appellant attempted, by his conduct, to create the impression that he possessed a gun in order to instill fear in the two employees of the dry-cleaning establishment; and that appellant's scheme was successful. However, such evidence, alone, is legally insufficient to establish that appellant carried a gun during the robbery. Ryder v. State, supra. Neither of the employees actually saw a gun, or any portion of one. While both believed that appellant had a gun, both conceded that he could have had any object having a shape similar to a gun barrel under the pants, such as a length of pipe, for instance. Appellant never said that he had a gun, and never verbally threatened to shoot either employee. (In fact, appellant never made any verbal threat.) Moreover, appellant never threatened to use whatever it was that he had under the pants as a bludgeon or other type of weapon. Finally, there is no evidence that the state ever found a gun or other weapon.
Based upon the foregoing discussion, we conclude that the trial court committed reversible error when it declined to grant appellant's motion for a judgment of acquittal as to that portion of the information which asserted that appellant had committed the robbery while carrying a "deadly weapon." Because the evidence presented was legally insufficient to establish that appellant carried any type of "weapon" when he committed the robbery, we reverse appellant's conviction for armed robbery, pursuant to Section 812.13(2)(a), Florida Statutes (1989); and we remand to the trial court with directions that it enter a judgment of guilt for the offense of unarmed robbery, pursuant to Section 812.13(2)(c), Florida Statutes (1989), and that it then resentence appellant in accordance with that judgment.
REVERSED and REMANDED, with directions.
SMITH and ZEHMER, JJ., concur.
NOTES
[*] The term "deadly weapon" is not statutorily defined. However, the word "weapon" is defined in Section 790.001(13), Florida Statutes (1989), as "any dirk, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, or other deadly weapon except a firearm or a common pocketknife" (emphasis added). The phrase "other deadly weapon," as used in that statute, has been judicially defined as either an "instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction," or an object which is used or threatened to be used during a crime in such a way that it would be likely to cause death or great bodily harm. Robinson v. State, 547 So.2d 321, 323 (Fla. 5th DCA 1989). "As a general rule, Florida courts have utilized the statutory definition of `weapon' provided in section 790.001(13) to determine whether a particular object constitutes a `weapon' for purposes of section 812.13(2)(b)." Streetman v. State, 455 So.2d 1080, 1082 (Fla. 2d DCA 1984). Accord Brooks v. State, 17 F.L.W. D670, 1992 WL 42453 (Fla. 1st DCA Mar. 9, 1992). Considerable confusion has been caused by the fact that Section 790.001(13) appears to include within the definition of "weapon" all "deadly weapon[s] except a firearm or a common pocketknife"; whereas Section 812.13 seems clearly to imply that there is a significant difference between a "weapon" and a "deadly weapon," without defining either.