PER CURIAM.
Appellant seeks review of his conviction, after jury trial, of two counts of armed robbery with a deadly weapon. He raises three issues: (1) whether a mistrial should have been declared based upon the state’s alleged racial use of peremptory challenges; (2) whether the evidence was sufficient as a matter of law to sustain convictions for armed robbery with a deadly weapon, and (3) whether appellant could be sentenced as an habitual violent felony offender for first degree felonies punishable by life. Although we find no error in the state’s use of peremptory challenges, we must reverse and remand on the second issue, thereby rendering the third issue moot.
The facts of the instant case are indistinguishable from those before this court in Butler v. State, 602 So.2d 1303 (Fla. 1st DCA 1992), where this appellant challenged his armed robbery conviction for a virtually identical robbery of another Jacksonville dry-cleaning establishment. As in the previous case, the evidence is legally insufficient to establish that appellant carried any type of “weapon” when he committed the robberies. Consequently, we reverse appellant’s armed robbery convictions and remand to the trial court with directions that it enter a judgment of guilt for two counts of unarmed robbery pursuant to section 812.13(2)(c), Florida Statutes (1989), and that it resentence appellant accordingly.
AFFIRMED in part, REVERSED in part, and REMANDED with directions.
ERVIN, MINER and WEBSTER, JJ., concur.