614 So.2d 646 (1993)
Betty SCHRAM, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03889.
District Court of Appeal of Florida, Second District.
February 24, 1993.
James Marion Moorman, Public Defender, Paul C. Helm and Tonja R. Vickers, Asst. Public Defenders, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., and Carl Hayes, Asst. Attys. Gen., Tampa, for appellee.
FRANK, Judge.
Betty Schram was convicted of robbery with a deadly weapon after she walked into a convenience store and announced to the clerk that she intended to take two twelvepacks of beer. The clerk saw a bulge in Schram's back pocket, which he assumed was a knife, and he testified that Schram moved her hands toward her back before she took the beer from the counter and walked out. At trial the clerk testified that he feared for his safety because he felt that Schram might remove a knife from her pocket and use it. Furthermore, her appearance made him anxious: she wore a black mesh shirt over a black bra; the left side of her head was shaved and tattooed; and her nose was pierced with a ring. On appeal Schram contends that the evidence was insufficient to convict her of robbery with a deadly weapon and that the trial court should have granted her motion for directed verdict. We agree. The other points she raises we have considered and find without merit.
On cross examination the clerk admitted that Schram never drew a knife or any weapon. She expressed no threats, and he made no attempt to stop her from taking the beer. Much of his fear was generated by her unusual appearance. Schram testified that she took the beer after consulting with a friend because neither of them had money to pay for it. Rather than a knife, her pockets contained a wallet, cigarettes, and a lighter. Although she had a knife in her pocket when she was later arrested at her apartment, she stated that she had not carried it with her to the store but had been using it at home to carve mannequins.
In a case such as this, where no force has been used, the defendant can be convicted of robbery only if the victim is placed in fear of death or great bodily harm. Brown v. State, 397 So.2d 1153 (Fla. 5th DCA 1981). The controlling factor, however, is not the victim's mere statement that he had been placed in fear:
[T]he question is not whether the victim here actually feared appellant, but whether a jury could conclude that a reasonable person under like circumstances would be sufficiently threatened to accede to the robber's demands.
397 So.2d at 1155.
In a cogent analysis, the fourth district in Butler v. State, 602 So.2d 1303 (Fla. 1st DCA 1992), examined precisely what it would take for a reasonable person to be "sufficiently threatened to accede to the *647 robber's demands," and determined that the evidence must be sufficient for the jury to conclude that the perpetrator actually carried a deadly weapon during the offense. The facts in Butler bear a striking similarity to those in this case. The defendant walked into a dry cleaning establishment carrying a pair of pants over his arm and concealing what the victims assumed was a gun. Neither employee saw a gun or even the outline of a gun. The defendant pointed toward the object under the pants, but he never told them he had a gun or threatened to shoot or kill them. Although in Butler a gun was never recovered, the fact that a knife was later found in Schram's possession in this case is a distinction of no consequence; there was no evidence indicating that Schram actually carried the knife during the robbery. Thus, in this case, as was true in Butler, the state presented no more than the victim's subjective belief that the defendant was armed. This evidence is insufficient for an armed robbery conviction.
Although the armed robbery conviction must be reversed, the state did prove beyond a reasonable doubt that Schram stole beer valued at $16.52. Therefore, on remand, the trial court shall enter judgment against Schram for that offense and sentence her accordingly.
Reversed and remanded.
CAMPBELL, A.C.J., and PATTERSON, J., concur.