742 So.2d 400 (1999)
Larry PROSSER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4794.
District Court of Appeal of Florida, First District.
September 1, 1999.
Nancy A. Daniels, Public Defender; Michael A. Wasserman, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Larry L. Prosser challenges his conviction and sentence for armed robbery with a weapon while his identity was concealed. His argument that the Prison Releasee Reoffender Act, under which appellant was sentenced, violates the separation of powers clause of the Florida Constitution is without merit, and we affirm as to that issue. See Woods v. State, 740 So.2d 20 (Fla. 1st DCA 1999). We do agree, however, that the lower court erred in denying appellant's motion for a judgment of acquittal on the charge that he carried a firearm during the robbery. Thus, we reverse in part.
As shown by the evidence produced at trial, appellant and another man entered a convenience store wearing "turbans" of some sort covering most of their faces. Appellant's accomplice held something in his hand which was shrouded such that neither of the clerks on duty were able to see any part of the shrouded object. Both clerks, however, assumed from the way the accomplice pointed his shrouded hand that *401 a gun was under the cloth. The record does not reflect any evidence as to the nature of this shrouded object. Further, there was no testimony that appellant or his accomplice verbally threatened to shoot or otherwise harm either of the clerks, or that the shrouded object was used in such a manner as to suggest that harm would be inflicted by using the object as a bludgeon or other type of deadly weapon.
In Butler v. State, 602 So.2d 1303 (Fla. 1st DCA 1992), this court reversed a conviction for armed robbery with a deadly weapon because the evidence was legally insufficient to establish that the defendant possessed a weapon, deadly or otherwise, during the course of a robbery. This court held:
We believe that, to secure a conviction pursuant to section 812.13(2)(a) or (b), Florida Statutes (1989), for armed robbery while carrying a "firearm or other deadly weapon" or for armed robbery while carrying a "weapon," respectively, the state must present evidence which would be legally sufficient to permit a jury to conclude that the defendant actually carried a "firearm," "other deadly weapon" or a "weapon." While the state may meet this burden by the presentation of circumstantial evidence, it may not do so by presenting evidence of nothing more than the victim's subjective belief that the defendant possessed a "firearm," "other deadly weapon" or "weapon."
602 So.2d at 1305.
As was the case in Butler, the prosecution below presented no evidence that appellant or his accomplice actually possessed a firearm or other deadly weapon during the robbery. See also McCray v. State, 358 So.2d 615 (Fla. 1st DCA 1978). Neither store clerk saw a firearm, although both testified that they believed a firearm was being used, and neither testified that appellant threatened to shoot or harm either clerk with the shrouded object in a way that would suggest that the object was a weapon. See Bates v. State, 561 So.2d 1341 (Fla. 2d DCA 1990)(conviction for robbery while carrying a firearm or other deadly weapon could not stand where it was undisputed that defendant carried a nutdriver, and not a gun, under a rag and never threatened to use the object as a bludgeon).
Accordingly, we reverse the judgment of conviction for robbery while armed with a weapon and while his identity was concealed, and remand for entry of a judgment of conviction for unarmed robbery with a concealed identity and for resentencing of appellant in accordance with the corrected judgment.
As in Woods, we certify the following question of great public importance:
DOES THE PRISON RELEASEE REOFFENDER PUNISHMENT ACT, CODIFIED AS SECTION 775.082(8), FLORIDA STATUTES (1997), VIOLATE THE SEPARATION OF POWERS CLAUSE OF THE FLORIDA CONSTITUTION?
AFFIRMED in part, REVERSED in part, and REMANDED.
ALLEN, WEBSTER AND VAN NORTWICK, JJ., CONCUR.