WOLF, J.
Appellant challenges his conviction for robbery with a weapon. The sole issue in this case is whether there was sufficient proof that appellant was armed with a weapon during the robbery.
The victim of the robbery testified that appellant pulled up his sweatshirt and revealed what appeared to be a gun stuck in his trousers. The pertinent portion of the testimony of the victim as to what he actually saw is as follows:
Q You thought you saw a gun?
A I didn’t see it. It looked like a gun. I didn’t see the whole thing.
Q Well, I think you testified today that you saw a gun; is that correct?
A Yeah, I said I saw what looked like a gun.
Q So it may not have been a gun, what you saw? Is that what you’re saying?
A It may not be but it had the shape of a gun and I saw the handle and the trigger and part of the barrel, and it was, like, tucked into the trouser. And I didn’t want to see everything because it looked like a gun.
The victim also indicated that he was never verbally threatened by appellant during the perpetration of the offense.
Appellant mainly relies on Butler v. State, 602 So.2d 1303 (Fla. 1st DCA 1992), in support of his contention that there was insufficient proof that he was armed with a weapon during the robbery. In that case, the victims testified that “they were able to see the outline of what appeared to be a long, hard object, shaped like the barrel of *395 a gun, under the pants.” Id. at 1304. The court in Butler held that this testimony had been insufficient proof that the defendant in that case had carried a deadly weapon during the commission of a robbery. See id. at 1306. The court in Butler explained,
Neither of the employees actually saw a gun, or any portion of one. While both believed that appellant had a gun, both conceded that he could have had any object having a shape similar to a gun barrel under the pants, such as a length of pipe, for instance.
Id. (emphasis added). In Prosser v. State, 742 So.2d 400 (Fla. 1st DCA 1999), this court also held that where an object had been completely covered by a shroud, and the robber had made no threats on how he would use the object, the evidence had been insufficient to sustain a conviction for robbery with a weapon. Unlike Butler and Prosser, however, the victim in this case testified that he saw “the shape of a gun ... the handle and the trigger and part of the barrel” which had been revealed by appellant during the commission of the robbery. In Clark v. State, 635 So.2d 68 (Fla. 1st DCA 1994), this court suggested that direct testimony of a victim, who had received firearms training in the military, “that he actually observed what appeared to be a small caliber handgun,” was sufficient to sustain an armed robbery conviction and distinguished the case from Butler. See id. at 69. The fact that the victim in the subject case may not have had military training, as in Clark, would not have precluded the jury from relying on the victim’s testimony here to establish that appellant carried a weapon during the robbery.
In O’Brien v. State, 546 So.2d 32. (Fla. 3d DCA 1989), a case we conclude is indistinguishable from the instant case, the court held the evidence to have been sufficient to go to the jury on the question of whether a gun had been used during a robbery where the victim had testified that she saw the handle of a gun when the defendant had lifted his shirt, and that she had only seen guns in movies. See id. at 33. There the court found, ,
The extent of the witness’ knowledge goes to the weight of her testimony, which was properly submitted to the jury.
Id. (citing T.T. v. State, 459 So.2d 471, 472 (Fla. 1st DCA 1984)). We find the O’Brien case to be persuasive. Appellant’s conviction for robbery with a weapon is affirmed.
ALLEN and VAN NORTWICK, JJ., concur.