PER CURIAM.
Samuel Washington Greer was convicted of robbery with a deadly weapon and sentenced to twelve years imprisonment. We affirm.
Greer argues that the trial court erred when it precluded testimony from his mother concerning his mental capacity on the night of the robbery. He asserts that his mother should have been allowed to testify not only that he was bipolar with persistent symptoms of manic depression, but also that his recent consumption of alcohol prevented him from taking his medication, resulting in his diminished capacity. Florida does not recognize the defense of diminished capacity. See Chestnut v. State, 538 So.2d 820 (Fla.1989); Stephens v. State, 513 So.2d 1275, 1276 (Fla. 3d DCA 1987). The fact that the defendant voluntarily consumed alcohol which prevented him from taking his medication is not sufficient to distinguish this case from the general rule that diminished capacity is not a recognized defense in Florida. At the trial level, Greer pled not guilty. If he thought that the facts supported the defense of not guilty by reason of insanity, then that is the plea he should have entered.
Greer further argues that the evidence only supported a conviction for simple robbery and was insufficient to sustain a conviction for robbery with a deadly weapon. We find that there was substantial competent evidence to support the conclusion that the defendant used a deadly weapon, a firearm, during the course of the robbery. See Thompson v. State, 748 So.2d 394 (Fla. 1st DCA 2000); O’Brien v. State, 546 So.2d 32 (Fla. 3d DCA 1989).
Affirmed.