405 So.2d 500 (1981)
Steven Michael REID, Appellant,
v.
STATE of Florida, Appellee.
No. 81-436.
District Court of Appeal of Florida, Second District.
November 6, 1981.
Jerry Hill, Public Defender, and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
This case involves the construction of section 790.162, Florida Statutes (1979).
Appellant entered a bank and handed a customer service employee a note which said, "I have a grenade. Don't press a button; first cop I see, I will toss it in your lap. I want to see you put $3,000 in one stack on the counter." The bank employee handed the note to a coworker who alerted a security guard. The security guard called the police, and they arrested appellant before he left the bank. Throughout this event, no one ever saw a bomb or grenade, and appellant had none in his possession when the police frisked him.
The state charged appellant with threatening to throw, place or discharge a destructive device and with attempted robbery. At the trial, the state attorney conceded that appellant had not possessed a destructive device. The jury found appellant guilty of both charges, and he received consecutive sentences for the crimes. He appeals only his conviction for threatening to throw a destructive device.
Section 790.162 reads:
790.162 Threat to throw, place or discharge any destructive device, felony; penalty. It is unlawful for any person to threaten to throw, place, or discharge any destructive device with intent to do bodily harm to any person or with intent to do damage to any property of any person, and any person convicted thereof shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Appellant contends that since there was no evidence that he had any intent to do bodily harm or damage to property, the court should have granted his motion for judgment of acquittal. A literal reading of the statute lends some credence to appellant's position, but as so interpreted, it would not make much sense. Accordingly, we reject this interpretation since courts will not ascribe to the legislature an intent to create *501 an absurd result. Thomas v. State, 317 So.2d 450 (Fla. 3d DCA 1975), cert. denied, 333 So.2d 465 (Fla. 1976).
Section 790.161 provides that it is unlawful for any person to throw, place or discharge a destructive device with intent to do bodily harm or damage to property. Section 790.162, which essentially tracks the same language, was obviously intended to cover a threat to carry out the conduct proscribed by section 790.161. Viewed in this context, we think that section 790.162 requires only that the threat must convey an intent to do bodily harm or damage to property. Here, appellant's threat obviously conveyed this intent. Therefore, under our construction of the statute, whether appellant intended to follow through with his threat was irrelevant.
AFFIRMED.
HOBSON, A.C.J., and DANAHY, J., concur.