443 So.2d 221 (1983)
James VALDES, Appellant,
v.
STATE of Florida, Appellee.
No. AP-226.
District Court of Appeal of Florida, First District.
December 14, 1983.
Rehearing Denied January 5, 1984.
Michael Allen, Public Defender, Gwendolyn Spivey, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Barbara Ann Butler, Asst. Atty. Gen., for appellee.
MILLS, Judge.
Valdes was convicted for attempted unarmed robbery and for threatening to throw, place, or discharge a destructive device in violation of Section 790.162, Florida Statutes (1981). He contends on appeal that the State failed to prove an essential element of Section 790.162 and that the trial court should have suppressed an eyewitness identification of him. We do not agree and affirm.
Peggy Burroughs was working as a teller at the walkup window of the Florida National Bank in downtown Jacksonville when she was accosted by a man who approached the window with one hand in his jacket pocket. He showed her a brown paper bag and a note indicating that the bag contained a bomb which he would detonate if she pushed the alarm. He demanded cash in denominations of one hundred, fifty, and twenty dollar bills, but before Burroughs could comply with his demand he fled the scene. As it turned out, the bag contained only a crushed grapefruit juice can and a flashlight battery.
Burroughs was able to observe the man for five to ten minutes from a distance of two to two and one-half feet. She described *222 him as a black male between 40 and 50 years of age, wearing a black, curly wig and a woman's red jacket.
Approximately two weeks after the incident, an FBI agent showed Burroughs a photo spread containing a picture of the defendant, James Valdes. The quality of the photographs in this spread was very poor, however, because it was merely a photocopy of a series of photographs. Burroughs was unable to make an identification from this set of photographs.
The next day, a detective from the Jacksonville Sheriff's Office showed Burroughs a set of six color photographs, one of which was a photograph of Valdes. After twice looking over the photographs, she identified Valdes as the man who had attempted to rob her. She later identified Valdes both at the suppression hearing and at trial.
Valdes contends that his motion for judgment of acquittal should have been granted as to that count of the information charging him with violating Section 790.162. It is contended that Section 790.162 requires the State to prove that a defendant acted with intent to cause bodily harm or property damage and that since the bag contained no actual destructive device he could not have had such an intent. In support of his contention, Valdes relies upon the rule of statutory construction that criminal statutes are to be strictly construed in favor of the accused. Section 775.021(1), Florida Statutes (1981).
The rule of construction urged by Valdes is subordinate to the rule that the intention of the legislature must be given effect. State ex rel. Washington v. Rivkind, 350 So.2d 575 (Fla. 3d DCA 1977). Further, "construction of a statute which would lead to an absurd or unreasonable result or would render a statute purposeless should be avoided." State v. Webb, 398 So.2d 820, 824 (Fla. 1981). Under the construction of the statute urged by Valdes, it would be virtually impossible for the State to obtain a conviction where no actual destructive device was involved. We do not believe that the legislature intended such an absurd result.
Moreover, this issue has been resolved adversely to Valdes in Reid v. State, 405 So.2d 500 (Fla. 2d DCA 1981). We agree with the Second District and hold that in order to obtain a conviction under Section 790.162, Florida Statutes (1981), the State need not prove the existence of an actual destructive device. It is sufficient that the State prove that the defendant threatened to throw, place, or discharge a destructive device with the stated intent to do bodily harm to any person or with the stated intent to do damage to any property of any person, regardless of whether the defendant had the actual ability to carry out that threat.
It is further contended that the out-of-court identification procedures utilized in the case were impermissibly suggestive and resulted in a substantial likelihood of irreparable misidentification. Grant v. State, 390 So.2d 341 (Fla. 1980). Assuming for the sake of argument that the procedures were impermissibly suggestive, we do not believe that under the facts of this case there was a substantial likelihood of irreparable misidentification. Burroughs was able to view the suspect for five to ten minutes from a distance of two to two and one-half feet. Further, the photo lineup was presented to her at a time when the incident was still fresh in her memory. Therefore, the trial court was correct in denying Valdes' motion to suppress the identification testimony.
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.