PER CURIAM.
Petitioner seeks a writ of habeas corpus alleging ineffective assistance of counsel in that his appellate counsel failed to raise on appeal the following issue: Whether, in order to prove a violation of section 790.162, Florida Statutes, defining the crime of threatening to discharge a destructive device, the state must show the actual existence of a destructive device or whether it is sufficient to merely show a threat to discharge a destructive device. In reviewing the ineffective assistance of counsel claim, we are guided by the four-part test set forth by the Florida Supreme Court in Knight v. State, 394 So.2d 997, 1001 (Fla.1981), the third part of which states that the petitioner must show that the alleged deficiency in representation was substantial enough to demonstrate a likelihood that the outcome of the proceeding would have been affected. In order to make such determination, we have reviewed the merits of the issue which appellate counsel failed to raise and have determined that the outcome of the case would not have been affected had such issue been raised on appeal. At the time we rendered our per curiam affirmance of petitioner’s conviction and sentence, the above issue had been decided contrary to petitioner’s position. Reid v. State, 405 So.2d 500 (Fla. 2d DCA 1981). Subsequent to rendition of our decision, this court followed the decision in Reid. Valdes v. State, 443 So.2d 221 (Fla. 1st DCA 1984). Accordingly, pursuant to the test set forth in Knight v. State, supra, petitioner has not been denied effective assistance of counsel.
The petition for writ of habeas corpus is DENIED.
SHIVERS, WENTWORTH and ZEH-MER, JJ., concur.