# Third District Court of Appeal

## State of Florida

Opinion filed September 17, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-1590
Lower Tribunal No. 12-4116
_____

**F.T., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Angelica D. Zayas, Judge.

Carlos J. Martinez, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Mary-Grace L. Mendoza, Assistant Attorney General, for appellee.

Before SHEPHERD, C.J., and EMAS and SCALES, JJ.

EMAS, J.

We affirm the lower court's determination, following an adjudicatory hearing, that F.T. committed the offense of petit theft of retail merchandise.

F.T. was charged with stealing several items of merchandise from a J.C. Penney store. The total amount of the merchandise allegedly stolen was $100 or more but less than $300, which would constitute first-degree petit theft, a first-degree misdemeanor. See, § 812.014(2)(e), Fla. Stat. (2012). At trial, the court permitted the loss prevention officer to testify, over objection, to the price contained on the price tags attached to the merchandise taken from the store by F.T. The Appellant contends that the witness' testimony regarding the dollar amount contained on the price tags constituted inadmissible hearsay.[1]

While a charge of theft of retail merchandise is prosecuted pursuant to the general theft statute (sections 812.012 and 812.014, Florida Statutes (2013)), it is also subject to separate and more specific statutory treatment under section 812.015.

Under the general theft provisions, "value" is defined in relevant part as follows:

---

[1] The Appellant thus contended, both at the adjudicatory hearing and on appeal, that the admissible evidence was insufficient to establish that the value was $100 or more, therefore requiring the charge be reduced to second-degree petit theft, a second-degree misdemeanor. See §§ 812.012(10(b); 812.014(3)(a), Fla. Stat. (2012).

> Value means the <u>market value of the property</u> at the time and place of the offense or, if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.

§ 812.012(10)(a)1., Fla. Stat. (emphasis added).

However, where the offense charged is <u>retail</u> theft, a different definition of "value" applies:

> "Value of merchandise" means the <u>sale price of the merchandise</u> at the time it was stolen or otherwise removed, <u>depriving the owner of her or his lawful right to ownership and sale of said item</u>.

§ 812.015(1)(d), Fla. Stat. (emphasis added).

Therefore, it is not the market (actual) value of the retail merchandise, but rather the "sale price" (in this case, as indicated on the price tag) that establishes "value" for purposes of determining the degree of a retail theft offense. In a theft of retail merchandise, it is irrelevant for example that the "market value" of the stolen item may be significantly more or less than the price stated on the tag affixed to it. The State can meets its burden of proving "value" for purposes of retail theft by simply introducing evidence of the sale price as stated on the price tag, and need not prove "value" as might be required in a non-retail theft case, by external proof of what the market might determine is a fair price between a willing seller and a willing buyer, or what it might cost for the merchant to replace the stolen item. <u>Scott v. State</u>, 519 So. 2d 734 (Fla. 3d DCA 1988).

When someone steals merchandise from a retail merchant, he or she is on notice that the sale price as stated on the attached price tag is sufficient to establish the value of the property for retail theft purposes, even if that "value" is not the actual market value of the item.  This is reinforced by the last portion of the retail theft statute's definition of "value," because retail theft deprives the owner "of her or his lawful right to ownership <u>and sale of the item</u>," meaning a sale of the item at the price contained on the tag affixed to the item.

In this sense, the use of the term "value" in the retail theft statute is a misnomer and can cause confusion.  The common understanding of the term "value" is "actual worth" or "market value", the latter serving as the definition under the general theft statute.[2]  But the Florida Legislature has ascribed a different definition of "value" for retail theft purposes.  Where the item stolen is retail merchandise, the "value" is simply the price stated on the price tag affixed to the item at the time it was stolen.[3]  Therefore, in a retail theft prosecution, the contents of the price tag are being admitted not to prove the truth of the matter asserted (i.e., the item's actual worth or market value) but only to establish its *stated* value, the

[2] "Value" is defined by Merriam-Webster as "a fair return or equivalent in goods, services, or money for something exchanged."  Merriam-Webster's Dictionary, http://www.merriam-webster.com/dictionary/value (last visited August 13, 2014).

[3] This is not to say that a defendant could not seek to counter evidence of the price tag's contents with evidence to establish that the "sale price" was different than that appearing on the price tag if, for example, the merchant advertised a "50% off" sale at the time the item was stolen.

only requirement for determining the degree of the offense under the retail theft provision.

The difference between these two concepts (stated price v. market value) is illustrated by comparing a retail theft case to a non-retail theft case. If a person steals a shirt from a store and the price stated on the tag affixed to the shirt is $100, the content of that price tag is not hearsay because it is not coming in to prove the truth of the matter asserted but only to establish what the tag "says". Its independent relevance is only as a result of the statutory language of the definition of "value," which is simply the price affixed to the retail item at the time it was stolen.

By contrast, assume instead that a person buys that same shirt, paying $100 as stated on the price tag affixed to the shirt. The shirt is stolen from the buyer later that same day, before the buyer even has a chance to remove the price tag. An arrest is made, and that individual is charged with non-retail theft (since the shirt was not stolen from a retail merchant). At trial, if the State sought to introduce the price tag on the shirt to prove "value," it would be hearsay, because the State would be seeking to introduce this evidence not for the purpose of simply establishing the amount contained on the price tag affixed to the shirt (since that is not the definition of "value" applicable in a non-retail theft case) but rather in an attempt to prove the truth of the matter asserted: that the actual worth or market

value of the shirt (i.e., the definition of "value" applicable in a non-retail theft case) is $100.[4]   Under these circumstances, evidence of the market value would generally be demonstrated in the conventional manner—the buyer/victim could testify what he paid for the shirt, for example, and testify that the shirt was new and had never been worn.   But the price tag itself would remain hearsay and (absent a predicate under section 90.803(6), Florida Statutes – the business records exception – or meeting some other hearsay exception) would not be admissible.

This distinction between the definition of value for retail theft and value for non-retail theft cases guides our conclusion that the testimony in this case was not hearsay.  This conclusion is consistent with our sister court's holding in Watson v. State, 415 So. 2d 128 (Fla. 4th DCA 1982)[5] (holding loss prevention officer was properly permitted to testify to her contemporaneous observation of the sale price stated on the price tags affixed to the stolen items of retail merchandise).

Affirmed.

---

[4] However, if a proper foundation was laid, the price indicated on the price tag could be introduced and considered as some evidence of the actual market value of the shirt.

[5] It would also appear that this analysis conflicts with the decision of our sister court in Lukaj v. State, 729 So. 2d 965 (Fla. 1st DCA 1999).  However, we do not agree that a business records foundation must be laid before a witness is permitted to testify to her contemporaneous observation of the contents of the price tag affixed to the stolen item of retail merchandise.