# Supreme Court of Florida

_____

No. SC17-1713

_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-04.**

[November 30, 2017]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing instructions: 10.8

(Threat to Throw, Place, Project, or Discharge any Destructive Device); 14.4

(Retail Theft); 25.15(a) (Retail Sale of Drug Paraphernalia); and 28.11 (Driving

While License Suspended, Revoked or Canceled with Knowledge).  In addition,

the Committee proposes deleting instruction 10.4 (Persons Engaged in Criminal

Offense Having Weapon (Previous Conviction)).  No comments were received by

the Committee pertaining to the proposals to instructions 10.4 and 10.8.

Comments pertaining to the remaining proposals, however, were received from the Florida Association of Criminal Defense Lawyers and the Florida Public Defender Association. The Committee made responsive changes to the proposals to amend instructions 14.4, 25.15(a), and 28.11. The Court did not publish the proposals after they were filed. The more significant amendments to the instructions are discussed below.

Criminal jury instruction 10.4 (Persons Engaged in Criminal Offense Having Weapon (Previous Conviction)), currently provides as follows: "It is error to inform the jury of a prior conviction. Therefore, do not read the allegation of prior convictions or send the information or indictment into the jury room. State of Florida v. Harris, 356 So.2d 315 (Fla. 1978)." While the instruction purports to cover section 790.07(4), Florida Statutes (2017) (Persons engaged in criminal offense, having weapons), subsection (4) provides instead:

> Whoever, having previously been convicted of a violation of subsection (1) or subsection (2) and, subsequent to such conviction, displays, uses, threatens, or attempts to use any weapon, firearm, or electric weapon or device, carries a concealed weapon, or carries a concealed firearm while committing or attempting to commit any felony or while under indictment is guilty of a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Sentence shall not be suspended or deferred under the provisions of this subsection.

§ 790.07(4), Fla. Stat. (2017). Because instruction 10.4 does not pertain to section 790.07(4), we agree with the Committee and delete both the instruction number and the body of the instruction.

Next, instruction 10.8 is amended to make clear that the offense as charged under section 790.162, Florida Statutes (2017) (Threat to throw, project, place, or discharge any destructive device, felony; penalty), requires that the threat convey an intent to do bodily harm or property damage, not necessarily that the defendant had the intent to actually do such harm or damage, that the harm or damage was actually possible, or that there was an actual destructive device, citing Valdes v. State, 443 So. 2d 221 (Fla. 1st DCA 1983), and Reid v. State, 405 So. 2d 500 (Fla. 2d DCA 1981).

Instruction 14.4 (Retail Theft) has not been amended since it was adopted in 1981, and no longer properly instructs upon the offense defined under section 812.015, Florida Statutes (2017) (Retail and farm theft; transit fare evasion; mandatory fine; alternative punishment; detention and arrest; exemption from liability for false arrest; resisting arrest; penalties). Accordingly, instruction 14.4 is amended to include four, rather than two, elements to define the offense. The first two elements are based upon the definition of "retail theft" under section 812.015(1)(d). Next, the third element includes all the circumstances set forth in section 812.015(8)(a)-(d). Lastly, the fourth element captures the requirement in

section 812.015(8), that the property must be valued at $300 or more. Additional changes to instruction 14.4 are also made as reflected in the appendix to this opinion.

Existing criminal jury instructions 10.8, 14.4, 25.15(a), and 28.11, as proposed by the Committee, and as set forth in the appendix to this opinion, are hereby authorized for publication and use, while instruction 10.4 is hereby removed.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

     for Petitioner

# APPENDIX

## ~~10.4 PERSONS ENGAGED IN CRIMINAL OFFENSE HAVING WEAPON (PREVIOUS CONVICTION)~~
~~§ 790.07(4), Fla.Stat.~~

*~~It is error to inform the jury of a prior conviction. Therefore, do not read the allegation of prior convictions or send the information or indictment into the jury room. State of Florida v. Harris, 356 So.2d 315 (Fla. 1978).~~*

## 10.8 THREAT TO THROW, PLACE, PROJECT, OR DISCHARGE ANY DESTRUCTIVE DEVICE
§ 790.162, Fla._Stat.

**To prove the crime of** ~~(crime charged)~~**Threat to [Throw] [Place] [Project] [Discharge] Any Destructive Device, the State must prove the following two elements beyond a reasonable doubt:**

1.      (Defendant) **threatened to [throw] [place] [project] [discharge] a destructive device.**

        ~~[throw]~~
        ~~[place]~~
        ~~[project]~~
        ~~[discharge]~~

        ~~a destructive device.~~
2.      ~~[He] [She] did so with~~**The threat conveyed an intent to do [bodily harm to] [damage to the property of] any person.**

        ~~[bodily harm to any person].~~
        ~~[damage to the property of any person].~~

*Give if requested. Valdes v. State, 443 So. 2d 221 (Fla. 1st DCA 1983); Reid v. State, 405 So. 2d 500 (Fla. 2d DCA 1981).*

**It is not necessary for the State to prove the defendant had the actual intent to cause [harm] [or] [damage], or that [he] [she] had the ability to carry out the threat, or that there was an actual destructive device.**

*Definition. Adapt as appropriate. § 790.001(4), Fla. Stat.*

**A "destructive device"** ~~is defined as~~ ~~(adapt from § 790.001(4), Fla.Stat., as required by the allegations)~~**means any bomb, grenade, mine, rocket, missile, pipebomb, or similar device containing an explosive, incendiary, or poison gas and includes any frangible container filled with an explosive, incendiary, explosive gas, or expanding gas, which is designed or so constructed as to explode by such filler and is capable of causing bodily harm or property damage; any combination of parts either designed or intended for use in converting any device into a destructive device and from which a destructive device may be readily assembled; any device declared a destructive device by the Bureau of Alcohol, Tobacco, and Firearms; any type of weapon which will, is designed to, or may readily be converted to expel a projectile by the action of any explosive and which has a barrel with a bore of one-half inch or more in diameter; and ammunition for such destructive devices, but not including shotgun shells or any other ammunition designed for use in a firearm other than a destructive device.**

**"Destructive device" does not include:**
**(a)     A device which is not designed, redesigned, used, or intended for use as a weapon;**
**(b)     Any device, although originally designed as a weapon, which is redesigned so that it may be used solely as a signaling, line-throwing, safety, or similar device;**
**(c)     Any shotgun other than a short-barreled shotgun; or**
**(d)     Any nonautomatic rifle (other than a short-barreled rifle) generally recognized or particularly suitable for use for the hunting of big game.**

**Lesser Included Offenses**

| THREAT TO THROW, PROJECT, PLACE, OR DISCHARGE ANY DESTRUCTIVE DEVICE — 790.162 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Assault | 784.011 | 8.1 |

**Comment**

This instruction was adopted in 1981 and was amended in 1989 and 2017.

**14.4 RETAIL THEFT**
§ 812.015(~~1~~8), Fla._Stat.

To prove the crime of Retail Theft, the State must prove the following ~~two~~four elements beyond a reasonable doubt:

1.      (Defendant) **knowingly:**

*Give a, b, c, and/or d as applicable.*

   a.  ~~took possession of or carried away [merchandise]~~ [property] [money] [negotiable documents].

   b.  ~~altered or removed a [label]~~ [universal product code] ~~or~~ [price tag] from merchandise].

   c.  ~~transferred merchandise from one container to another].~~

   d.  ~~removed a shopping cart from a merchant's premises].~~

2.      ~~[He] [She] intended~~ (Defendant) **did so with the intent** to deprive ~~the~~ a merchant of possession, use, benefit, or full

- 8 -

**retail value of the [merchandise] [property] [money] [negotiable documents]** [shopping cart].

*Give a, b, c, and/or d as applicable.*
3. (Defendant),

    a. **individually, or in concert with one or more other persons, coordinated the activities of one or more individuals in committing the offense.**

    b. **committed theft from more than one location within a 48-hour period.**

    c. **acted in concert with one or more individuals within one or more establishments to distract the merchant, merchant's employee, or law enforcement officer in order to carry out the offense, or acted in other ways to coordinate efforts to carry out the offense.**

    d. **purchased merchandise in a package or box that [he] [she] knew contained merchandise other than, or in addition to, the merchandise purported to be contained in the package or box.**

4. **The value of the [merchandise] [property] [money] [negotiable documents] was $300 or more.**

*Give if applicable.*
*§ 812.015(8)(a) and (8)(b), Fla. Stat.*
**If you find that the defendant [acted in concert with one or more other persons and coordinated the activities of one or more individuals in committing a Retail Theft] [committed theft from more than one location within a 48-hour period], the amount of each individual theft is aggregated to determine the value of the property stolen.**

*Theft of an Instrument.*
**In the case of a written instrument that does not have a readily ascertainable market value, such as a check, draft, or promissory note, the value is the amount due or collectible.**

**In the case of any other instrument that creates, releases, discharges or otherwise affects any valuable legal right, privilege, or obligation, the value is the greatest amount of economic loss that the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.**

*Definitions.*
*§ 812.015(1)(a), Fla. Stat.*
**"Merchandise" means any personal property, capable of manual delivery, displayed, held or offered for retail sale by a merchant.**

*§ 812.015(1)(b), Fla. Stat.*
**"Merchant" means an owner or operator, ~~and~~ or the agent, consignee, employee, lessee, or officer of an owner or operator, of any premises ~~(or apparatus)~~ or apparatus used for retail purchase or sale of any merchandise.**

*§ 812.015(1)(c), Fla. Stat.*
**"Value of merchandise" means the sale price of the merchandise at the time it was stolen or otherwise removed, depriving the owner of her or his lawful right to ownership and sale of said item.**

*Optional Definitions. Shaw v. State, 510 So. 2d 349 (Fla. 2d DCA 1987).*
**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.** ~~(Devitt & Blackmar Federal Jury Practice and Instructions, Sec. 16.07)~~

- 10 -

## Lesser Included Offenses

~~No lesser included offenses have been identified for this offense.~~

| RETAIL THEFT —— 812.015(8) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Grand theft* | | 812.014(2)(c) | 14.1 |
| Petit theft — first degree* | | 812.014(2)(e) | 14.1 |
| Petit theft — second degree* | | 812.014(3)(a) | 14.1 |

## Comments

*Under the Retail Theft statute, the "value" of the property is the price stated on the price tag affixed to the item at the time it was stolen. *F.T. v. State*, 146 So. 3d 1270 (Fla. 3d DCA 2014). This determination of "value" may be different than "value" as defined in the theft statute.

There is no misdemeanor Retail Theft crime. There is, however, a second-degree felony crime of Retail Theft for a person who commits Retail Theft and the property stolen had a value in excess of $3,000 or for a person who commits Retail Theft and has a prior conviction for Retail Theft. *See* § 812.015(9), Fla. Stat. As of August 2017, there was no case law that determined whether the jury must find the existence of the prior conviction in a bifurcated proceeding or whether that finding may be made by the sentencing judge. There was also no case law that decided whether a "conviction" includes a withhold of adjudication.

This instruction was adopted in 1981 and amended in 2017.


### 25.15(a) RETAIL SALE OF DRUG PARAPHERNALIA
§ 893.147(6), Fla. Stat.

**To prove the crime of Retail Sale of Drug Paraphernalia, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **knowingly and willfully [sold] [offered for sale] at retail one or more objects defined as drug paraphernalia.**

2. **The object[s] [was] [were]:**

   *Give as applicable. § 893.145(12)(a)-(c), (g)-(m), Fla. Stat.*
   **(a)     [a] metal, wooden, acrylic, glass, stone, plastic, or ceramic pipe[s].**
   **(b)     [a] water pipe[s].**
   **(c)     [a] carburetion tube[s] and device[s].**
   **(d)     [a] chamber pipe[s].**
   **(e)     [a] carburetor pipe[s].**
   **(f)     [an] electric pipe[s].**
   **(g)     [an] air-driven pipe[s].**
   **(h)     [a] chillum[s].**
   **(i)     [a] bong[s].**
   **(j)     [an] ice pipe[s] or [a] chiller[s].**

*Definitions.*
*Optional definitions of knowingly.*
**"Knowingly" means with actual knowledge and understanding of the facts or the truth.**

**"Knowingly" means an act done voluntarily and intentionally and not because of mistake or accident or other innocent reason.**

**"Willfully" means intentionally, ~~knowingly,~~ and purposely.**

**The term "drug paraphernalia" means an object used, intended for use, or designed for use in ingesting, inhaling, or otherwise introducing ~~cannabis, cocaine, hashish, hashish oil, or nitrous oxide~~ [a controlled substance] [a substance described in § 877.111(1), Florida Statutes] into the human body.**

**The Court instructs you that** (name of substance) **is a [controlled substance] [substance listed in § 877.111(1), Florida Statutes].**

*Relevant factors. § 893.146, Fla. Stat.*
**In addition to all other logically relevant factors, the following factors shall be considered in determining whether an object is drug paraphernalia:**

1.  Statements by an owner or by anyone in control of the object concerning its use.

2.  The proximity of the object, in time and space, to a direct violation of the drug laws.

3.  The proximity of the object to controlled substances.

4.  The existence of any residue of controlled substances on the object.

5.  Evidence of the intent of an owner, or of anyone in control of the object, to deliver it to persons whom [he] [she] knows, or should reasonably know, intend to use the object to facilitate a violation of the drug laws. The innocence of an owner, or of anyone in control of the object, as to a direct violation of the drug laws shall not prevent a finding that the object is intended for use, or designed for use, as drug paraphernalia.

6.  Instructions, oral or written, provided with the object concerning its use.

7.  Descriptive materials accompanying the object which explain or depict its use.

8.  Any advertising concerning its use.

9.  The manner in which the object is displayed for sale.

10. Whether the owner, or anyone in control of the object, is a legitimate supplier of like or related items to the community, such as a licensed distributor or dealer of tobacco products.

11. Evidence of the ratio of sales of the object or objects to the total sales of the business enterprise.

12. The existence and scope of legitimate uses for the object in the community.

13. Expert testimony concerning its use.

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comments

It is unclear whether the exception for pipes primarily made of briar, meerschaum, clay, or corn cob is an element or an affirmative defense. In the absence of case law, trial judges will have to make that determination if the issue arises.

The crime in § 893.147(6)(a), Fla. Stat., is reclassified from a first-degree misdemeanor to a third-degree felony upon a second or subsequent violation. *See* § 893.147(6)(b), Fla. Stat. As of August 2017, it is unclear whether a prior violation will be treated as an element of the crime which must be proven to the jury or as a sentencing factor which may be proven to the judge. If treated as an element, it It is error to inform the jury of a prior violation of Retail Sale of Drug Paraphernalia. Therefore, if the information or indictment contains an allegation of one or more prior violations, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of a Retail Sale of Drug Paraphernalia, the historical fact of a previous violation shall be determined beyond a reasonable doubt in a bifurcated proceeding. *See State v. Harbaugh,* 754 So. 2d 691 (Fla. 2000).

This instruction was adopted in 2014 [143 So. 3d 893] and amended in 2017.

## 28.11 DRIVING WHILE LICENSE SUSPENDED, REVOKED OR CANCELED WITH KNOWLEDGE
§ 322.34(2), Fla. Stat.

**To prove the crime of Driving While [License] [Driving Privilege] iswas [Suspended] [Revoked] [Canceled], the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Defendant) **drove a motor vehicle upon a highway in this state.**

2. At ~~the~~that time, [[his] [her]] [[license] [driving privilege]] was [suspended] [revoked] [canceled].

3. At ~~the~~that time (defendant) ~~drove a motor vehicle upon a highway in this state,~~ (defendant) **knew that** [[his] [her]] [[license] [driving privilege]] was [suspended] [revoked] [canceled].

**Whether** (defendant) **knew of the [suspension] [revocation] [cancellation] is a question to be determined by you from the evidence.**

*Give as applicable. See § 322.251(1), (2), and § 322.34(2), (3),(4), Fla. Stat.*
**Proof that there exists an entry in the records of the Department of Highway Safety and Motor Vehicles showing that notice of the [suspension] [revocation] [cancellation] was given by personal delivery is proof that such notice was given.**

**Proof that there exists an entry in the records of the Department of Highway Safety and Motor Vehicles showing that notice of the [suspension] [revocation] [cancellation] was deposited in United States mail, first class, postage prepaid, addressed to the licensee at [his][her] last known mailing address furnished to the department, is proof that such notice was sent.**

**If you find that** (defendant) **had been previously cited for driving while license [suspended] [revoked] [canceled] and [his] [her] license had not been reinstated, you may conclude that** (defendant) **knew of the [suspension] [revocation] [cancellation].**

**If you find that** (defendant) **admitted to knowing of the [suspension] [revocation] [cancellation], you may conclude that** (defendant) **knew of the [suspension] [revocation] [cancellation].**

**If you find that** (defendant) **had received a traffic citation that contained a provision notifying** (defendant) **that [his] [her] license had been suspended, revoked, or canceled, you may conclude that** (defendant) **knew of the [suspension] [revocation] [cancellation].**

*Do not give if the suspension was for failure to pay a traffic fine or for a financial responsibility violation. See § 322.34(2) and § 322.251(1), (2), Fla. Stat.*

**If you find that** (defendant) **had received a [judgment] [order] rendered by [a court] [an adjudicatory body] which contained a provision notifying** (defendant) **that [his] [her] license had been [suspended] [revoked] [canceled], you may conclude that** (defendant) **knew of the [suspension] [revocation] [cancellation].**

**If you find that the records of the Department of Highway Safety and Motor Vehicles include a [judgment] [order] rendered by [a court] [an adjudicatory body] which contains a provision notifying** (defendant) **that [his] [her] license had been [suspended], [revoked] [canceled], you** ~~are permitted to assume~~**may conclude that** (defendant) **knew [his] [her] license was [suspended] [revoked] [canceled].** ~~This presumption, however, is rebuttable, and you~~**You may accept or reject the** ~~presumption~~**inference depending upon the circumstances of the crime and the facts presented at trial.**

*Definitions. Give if applicable.*
*§ 322.01(15), Fla. Stat.*
**"Drive" means to operate [or be in actual physical control of] a motor vehicle in any place open to the general public for purposes of vehicular traffic.**

*§ 322.01(27), Fla. Stat.*
**"Motor vehicle" means any vehicle which is self-propelled, including a "moped," but not any vehicle moved solely by human power, motorized wheelchair or motorized bicycle.**

*§ 322.01(39), Fla. Stat.; State v. Tucker, 761 So. 2d 1248 (Fla. 2d DCA 2000).*
**"~~Street or~~ Highway" means the entire width between the boundary lines of every way or place if any part thereof is open to the use of the public for purposes of vehicular traffic. [A privately owned parking lot, that is open to public use by vehicles, is considered to be a highway.]**

*§ 322.251, Fla. Stat.*
**"Notice" means personal delivery or deposit in the United States mail, first class, postage prepaid, addressed to the defendant at [his] [her] last known address furnished to the Department of Highway Safety and Motor Vehicles. Mailing by the department shall constitute notification.**

*Optional Definitions.*

*§ 322.01(40), Fla. Stat.*

**"Suspended" means the privilege to drive a motor vehicle has been temporarily withdrawn.**

*§ 322.01(36), Fla. Stat.*

**"Revoked" means the privilege to drive a motor vehicle has been terminated.**

*§ 322.01(5), Fla. Stat.*

**"Canceled" means that a license has been declared void and terminated.**

*The option of "on a motor vehicle" pertains to motor vehicles such as motorcycles and mopeds.*

**"Actual physical control" of a motor vehicle means the defendant must be physically in [or on] the motor vehicle and have the capability to operate the motor vehicle, regardless of whether [he] [she] is actually operating the motor vehicle at the time.**

*§ 322.251(1), Fla. Stat.*

*Failure by the defendant to receive the mailed order shall not affect or stay the effective date or term of the [cancellation], [suspension], [revocation] of the defendant's driving privilege.*

## Lesser Included Offenses

| DRIVING WHILE LICENSE SUSPENDED, REVOKED OR CANCELED,  WITH KNOWLEDGE — § 322.34 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT** | **INS. NO.** |
| No Valid Driver's License | | 322.03 | 28.9 |
| | Attempt | 777.04(1) | 5.1 |

**Comments**

Pursuant to § 322.251(1), Florida Statutes, failure to receive the mailed order shall not affect or stay the effective date or term of the cancellation, suspension, or revocation of the defendant's driving privilege.

The crime in § 322.34(2), Florida Statutes, is enhanced based on the number of prior violations. Unless the prior violation was disposed of pursuant to § 318.14(10), Florida Statutes, a withhold of adjudication constitutes a prior violation. *Raulerson v. State*, 763 So. 2d 285 (Fla. 2000). As of August 2017, it is unclear whether the existence of a prior violation will be treated as an element that must be proven to the jury in a bifurcated proceeding or as a sentencing factor that can be proven to the judge. If treated as an element, it is error to inform the jury of a prior violation. Therefore, if the information or indictment contains an allegation of one or more prior violations, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Driving with License Suspended, Revoked, or Canceled, the historical fact of a previous violation shall be determined beyond a reasonable doubt in a bifurcated proceeding. *See State v. Harbaugh,* 754 So. 2d 691 (Fla. 2000).

This instruction was adopted in 1981, and amended in 2007 [958 So. 2d 361], and 2013 [131 So. 3d 692], and 2017.