# Third District Court of Appeal

## State of Florida

Opinion filed December 6, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-0184
Lower Tribunal No. 16-1566A
_____

**K.M., a juvenile,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Brian H. Zack, Assistant Attorney General, for appellee.

Before FERNANDEZ, SCALES and LINDSEY, JJ.

LINDSEY, J.

K.M., a juvenile, appeals an adjudication of delinquency for petit theft of

retail merchandise. K.M. challenges the level of misdemeanor for which she was found delinquent as well as the juvenile court's imposition of a $65 court cost. We affirm the adjudication of delinquency for petit theft and reverse the juvenile court's imposition of the additional court cost.

The State filed an amended petition for delinquency, charging K.M. with one count of petit theft against a retailer, a first-degree misdemeanor under section 812.014(2)(e), Florida Statutes (2016). See § 812.014(2)(e), Fla. Stat. (2016) ("[I]f the property stolen is valued at $100 or more, but less than $300, the offender commits petit theft of the first degree, punishable as a misdemeanor of the first degree. . . ."). Following a disposition hearing, the juvenile court denied K.M.'s motion for judgment of dismissal and entered an order finding that K.M. had committed the offense of petit theft as charged, withholding adjudication and placing K.M. on probation. The juvenile court also entered a memorandum of costs, ordering K.M. to pay court costs, fines, and fees in the amount of $218, which included a $65 assessment for "[additional] court costs" under section 939.185(1)(a), Florida Statutes (2016). This timely appeal follows.[1]

---

[1] Subsequently, K.M. filed a motion to correct disposition error under Florida Rule of Juvenile Procedure 8.135(b)(2), challenging the imposition of the additional court cost on the basis that the plain language of the statute, as well as several cases decided by this Court, prohibited the juvenile court from imposing the additional court cost. K.M.'s motion was deemed denied when the juvenile court failed to file an order ruling on the motion within thirty days. See H.S. v. State, 42 Fla. L. Weekly D2114 (Fla. 3d DCA Oct. 4, 2017) (citing Fla. R. Juv. P. 8.135(b)(1)(B), (b)(2)(B)).

K.M. raises two issues on appeal. First, K.M. argues that the State's sole proof of the value of the stolen merchandise is inadmissible hearsay. Second, K.M. argues that section 939.185(1)(a) authorizes the imposition of a $65 additional court cost only where a juvenile has been "adjudicated delinquent," not where, as here, adjudication of delinquency is withheld.

We find no error by the trial court in admitting the testimony of the asset protection detective as to the contents of the price tags indicating the value of the merchandise, in this retail theft case, as this testimony did not constitute hearsay. See F.T. v. State, 146 So. 3d 1270, 1271 (Fla. 3d DCA 2014) (concluding that the juvenile court did not err in permitting a loss prevention officer to testify, over objection, to the price contained on the price tags attached to merchandise stolen by the appellant and finding that this testimony was not hearsay in a retail theft case); Watson v. State, 415 So. 2d 128 (Fla. 4th DCA 1982) (per curiam) (holding that the trial court did not err in allowing a store employee to testify as to the contents of a price tag that was affixed to an item of merchandise on the day appellant was accused of stealing the merchandise and finding that this testimony did not constitute hearsay). As such, the juvenile court did not err in finding K.M. delinquent for first-degree misdemeanor petit theft and we affirm on this issue.

As to K.M.'s second issue on appeal, the juvenile court erred in imposing a $65 additional court cost under section 939.185(1)(a) where the juvenile court

3

sustained the allegations in the juvenile delinquency petition, but adjudication of delinquency has been withheld. This Court has recently stated that "section 939.185(1)(a) of the Florida Statutes (2015) does not authorize a Florida county to adopt an ordinance imposing an additional $65 court cost where a juvenile court sustains the allegations in the juvenile delinquency petition, but adjudication of delinquency is withheld."[2] H.S. v. State, 42 Fla. L. Weekly D2114 (Fla. 3d DCA Oct. 4, 2017) ("The statute simply does not authorize the surcharge when, as here, a juvenile is found to be delinquent, but adjudication is withheld."). Accordingly, we reverse as to this issue and remand with directions that the $65 in additional court cost be stricken from K.M.'s disposition.

Affirmed in part and reversed in part.

_____

[2] Section 939.185(1)(a), Florida Statutes (2016) mirrors section 939.185(1)(a), Florida Statutes (2015).